————o————

JACOB D. WRIGHT, Respondent, *vs.* THE TOWN OF BUTLER, Appellant.

1. *Street openings—Damages, assessment of by commissioner—Appeal from to circuit court—Title of plaintiff—Evidence to defeat.*—Where the report of a board of commissioners to assess damages and benefits for the opening of a street, finds that A. is owner of the land condemned, and the report is approved by the town board of trustees; and from the assessment of damages and the report he appeals to the circuit court, the municipality cannot on the trial in that court introduce evidence to prove that A. was not the owner.

*Appeal from Bates Circuit Court.*

*A. T. Holcomb*, with *John T. Smith, Jr.*, for Appellant, cited: Dil. Mun. Corp., § 475 ; Cheatham vs. Brainard, 11 Conn. 81 ; Turley vs. Tucker, 6 Mo. 301 ; Kempton vs. Cook, 4 Pick. 305 ; Goodwin vs. Hubbard, 15 Mass. 210 ; Truss vs. Old, 6 Rand. [Va.] 556.

*Christian & Forbes*, for Respondent.

NORTON, Judge, delivered the opinion of the court.

The town of Butler, in April, 1873, by its board of trustees, appointed three commissioners to assess damages done to real estate in opening Fulton street in said town. The commissioners thus appointed made their report to the board, in which Jacob D. Wright was found to be the owner of block 17 in said town, and assessed his damages at one dollar and the benefits of said street

to him at one dollar. This report was approved by the board and the land condemned, or so much as was for the use of said street. From the action of the board the said Wright appealed to the circuit court, where, upon a trial, Wright obtained verdict and judgment for $40 damages, from which the said town of Butler has appealed to this court.

On the trial the town of Butler offered in evidence the records of title deeds tending to show that the title to block 17 was in the heirs of one Allen Herald, and not in plaintiff, and also parol evidence to show the said heirs claimed the property.

The refusal by the court to admit this evidence is the only error complained of, and it is insisted by counsel that it was competent for defendant to prove that Wright was not the owner of the block in question.

The authorities to which we have been cited relate to actions of trespass and ejectment, and we need not have been referred to them to establish the proposition, that in such actions both the possession and title of plaintiff may be questioned, provided the answer of the defendant denied either. To make either possession or title triable questions, they must be put in issue by the pleadings, and when the answer not only fails to deny these facts, but expressly admits them, they become indisputable on the trial, and defendant will not be allowed to make proof against his own admission.

The case at bar is in the latter condition. It is true there is neither petition nor answer in the case, nor was either required in a proceeding of this character. It is founded on the action of the board of trustees of the town of Butler in receiving the report of three commissioners appointed by them to assess damages to lot owners who might be damaged by the opening of a certain street in said town. The report stated that Wright was the owner of block 17, through or by which said street was to be opened, and that the advantages or benefits he would derive equaled the damage he would sustain. This report was approved by the board and the land condemned for the use of the street, and from this action Wright appealed, claiming that he was damaged more than he was benefited. The title of Wright thus

stood admitted to block 17, as much so as if he had filed his petition in the circuit court claiming title and possession, and defendant had answered and admitted his allegations as to title and possession.

We think the action of the court in excluding the evidence offered was rightful, and the judgment is hereby affirmed. The other judges concur.