The State v. Brooks.

THE STATE v. BROOKS, *Appellant.*

1. **Practice, Criminal**: DEFENDANT AS WITNESS: STATEMENTS AGAINST INTEREST. The testimony of defendant against his interest in a criminal cause will be taken or presumed to be true. Such admissions, made in the course of the trial, in the presence of his counsel, and adhered to until the time for action thereon by the triers of fact, are conclusive.

2. ———: CORRECTION OF MISTAKE BY WITNESS. A witness, in a civil or criminal cause, who, by mistake or inadvertence, has made a mis-statement of facts, may, by timely explanation, correct it.

3. **Criminal Law**: SELF DEFENSE, FORCE THAT MAY BE USED. No greater violence may be used by a person in the defense of his rights than appears to him to be reasonably necessary, in the circumstances, to repulse the assault.

*Appeal from Buchanan Criminal. Court.*—HON. SILAS WOODSON, Judge.

AFFIRMED.

DEFENDANT was tried upon an indictment containing three counts, the first two for assault with intent to kill, and the third for an assault with a knife and a felonious maiming, wounding, etc., of the injured party.

Defendant was convicted under the third count, and, after the usual motions, appealed.

The instructions, referred to in the opinion as offered by defendant and refused by the court, are the following, viz.:

"1A. The witness Wright had no right or authority to approach the defendant in a rude or insolent manner, nor did he have the right, in a rude, insolent or angry manner, to touch or lay hands upon the defendant. Therefore, if the jury believe from the evidence, that the defendant was peaceably on the

picnic grounds, mentioned in the evidence, and said Wright approached the defendant and caught hold of him in a rude, insolent or angry manner, and threw or pushed the defendant from him, and struck the defendant one or more blows with his fist, and that the defendant had reasonable cause to believe that there was a design, on the part of said Wright, to do him some great bodily harm or great personal injury, about then to be accomplished, and that the defendant struck said Wright with a knife to prevent such injury or bodily harm, then the defendant was justified in so doing, and the jury, in that case, should find the defendant not guilty."

"2B. If the jury believe from the evidence that the witness Wright assaulted or struck the defendant, as stated in the other instructions, and the jury further believe that the defendant had a reasonable cause to believe that there was a design on the part of witness Wright to do the defendant some great bodily harm or great personal injury, about then to be accomplished, and the defendant struck said Wright to avoid such injury, then the jury should find the defendant not guilty, and it would make no difference, in that case, whether said defendant was in actual danger from said Wright or not, or whether such danger was then pending and about to fall on him or not."

"6D. If the jury believe from the evidence that the witness Wright caught hold of and pushed the defendant, or that he struck the defendant one or more blows with his fist, and that the defendant had reasonable cause to apprehend a design on the part of said Wright to do him some great bodily harm or great personal injury, then about to be accomplished, and the defendant struck and cut said Wright to avoid and prevent such injury, then the defendant was justified, and the jury should find the defendant not guilty."

The agreed statement of facts (signed by counsel) is as follows:

"It is admitted by the defendant herein that the defendant struck and wounded one James F. Wright (the same party mentioned in the indictment) with a knife, in Buchanan county, Missouri, on the first day of August, 1885. It is also admitted by the prosecuting attorney of Buchanan county, Missouri, that, at and before the time of the wounding, said Wright and the defendant were engaged in a difficulty, and that, under the evidence advanced on the trial of this case, it was proper for the court to instruct the jury on behalf of the defendant, as to the law of self-defense, as defined by section 1235, Revised Statutes, 1879; and that the defendant was a witness on his own behalf in the case.

"It is also agreed, by and between the parties aforesaid, that the points presented shall be determined by the supreme court on the above agreed facts, without the testimony being set out in the bill of exceptions, the only errors complained of, and to be presented, being the action of the court in giving and refusing instructions."

*W. H. Haynes* and *Huston & Parrish* for appellant.

(1) The court erred in giving instruction number 6D on behalf of the state. The law as therein given, applies to statements or confessions only, and not to the sworn testimony of the defendant. The statutes make the defendant a competent witness in his own behalf, and it was the duty of the court to have treated his testimony, in the instructions, the same as a disinterested witness. 1 R. S. 1879, sec. 1918 ; *State v. Anderson*, 86 Mo. 309-17-18 ; *State v. Cooper*, 71 Mo. 434-41. (2) The fact that Brooks was the defendant in the case might have been considered by the jury for the purpose of affecting his credibility, as a witness, and it would have been proper for the court to have so instructed the jury, but in other respects his testimony

should have been treated the same as any other witness. See authorities *supra;* *State v. Zorn,* 71 Mo. 416; *State v. McGuire,* 69 Mo. 179; *State v. Owen,* 78 Mo. 367–77. (3) The court erred in refusing instructions numbered 1, 2, 4 and 6, A, B, C and D, offered by the defendant, and in giving instruction F on its own motion. The instructions offered by defendant have been approved by an unbroken line of decisions of this court. *State v. Hickman,* 95 Mo. 322–28; *State v. Blumer,* 88 Mo. 568–72; *Nichols v. Winfrey,* 79 Mo. 469; *State v. Eaton,* 75 Mo. 591; *State v. Salone,* 47 Mo. 604–11, 12; *State v. McDonald,* 67 Mo. 13–18. (4) The court, in the instruction given on its own motion, recognized the right of the defendant to defend himself, but limited him in the exercise of that right. This was error. If the defendant had the right to strike, then he was not compelled to measure the force of the blow, nor was he responsible for the result of it. *Nichols v. Winfrey,* 79 Mo. 469; *State v. Hickman,* 95 Mo. 322–28; *State v. Palmer,* 88 Mo. 568–72; *Pond v. The People,* 8 Mich. 150.

*John M. Wood,* Attorney General, for the State.

(1) The instruction complained of by appellant marked 6D is not erroneous. It submits four propositions: (*a*) That the defendant is a competent witness to testify in his own favor. (*b*) That the jury, in determining the weight to be attached to his testimony, may consider his interest in the result of the prosecution. (*c*) His testimony against his interest, if anything, is to be taken as true. (*d*) His testimony in his own favor is to be given only such weight as the jury may believe from all the evidence in the case it is entitled to. The first and second propositions are sustained by the following cases: *State v. Cook,* 84 Mo. 40; *State v. Cooper,* 71 Mo. 436; *State v. Maguire,* 69 Mo. 197;

*State v. Miller*, 93 Mo. 263. Upon the third proposition, respondent respectfully submits that defendant will not be sustained in his complaint against an instruction, or any part of an instruction, which tells the jury that any part of his testimony is to be taken as true. Nor are his objections to this instruction otherwise tenable. Confessions or admissions are either judicial or extra-judicial, and there can be no reason why extra-judicial admissions or confessions should have any greater force or effect than the admissions and statements made by the defendant under oath in the progress of the trial. The following cases, therefore, sustain, as correct declarations of law, the third and fourth propositions in said instruction : *State v. Cook*, *supra ; State v. Green*, 13 Mo. 383 ; *State v. Martin*, 28 Mo. 530 ; *State v. Peak*, 85 Mo. 190 ; *State v. Napier*, 65 Mo. 462 ; *State v. Carlisle*, 57 Mo. 102 ; *State v. Curtis*, 70 Mo. 494 ; *State v. Elliott*, 90 Mo. 350 ; *State v. Hicks*, 92 Mo. 431 ; 1 Greenl. Ev., secs. 201, 216, 218. (2) The court properly instructed the jury as to the law of self-defense in instruction given of its own motion marked F, and there was no error in refusing instructions numbers 1, 2 and 6 and letters A, B and D. *State v. Smith*, 80 Mo. 516 ; *State v. Walton*, 74 Mo. 270. The objection of appellant to the instruction marked "F," limiting him in his right of self-defense, is without merit. It will be observed that the right of defendant to repel the assault, and in doing so to use such force and means as would seem to him to be necessary is expressly recognized. This is quite different from the instructions given in the cases cited by appellant to support his objection. In those instructions the jury were told that the defendant was not justified in using any more force than was necessary in repelling the assault. In the instruction complained of his right is extended to the utmost, and he may use such force and means as he deems necessary. This instruction contains

a correct declaration of law. *State v. Stockton*, 61 Mo. 382 ; *State v. Thomas*, 78 Mo. 327 ; *State v. Hicks*, 92 Mo. 431 ; Harrigan & Thompson on Self-Defense, pp. 95, 302, 595 (*n*), 720 and 723 (*n*) ; 1 Bish. Crim. Law, secs. 865, 873.

BARCLAY, J.—This cause is presented on an agreed statement of facts, in which counsel, with the commendable purpose of facilitating investigation, have given, in the compass of a few lines, an accurate view of the points of difference between them.

It is contended, first, that the court erred in this instruction, given at the instance of the state, viz.:—

" While the defendant is a competent witness to testify in his own favor, yet, the jury in determining what weight, if any, they will give his testimony, have the right to consider his interest in the result of this prosecution, and what defendant has testified to against his interest, if anything, is to be taken as true, and what he testifies to in his favor is to be given only such weight as the jury may believe from all the evidence in the case it is entitled to."

The point of criticism is that the court told the jury that defendant's statements against his interest, as a witness at the trial, were to be taken as true.

The question is not as to the effect of testimony by other witnesses, purporting to recite defendant's language out of court, but of defendant's personal admissions, in his own cause, in presence of his counsel, under our laws permitting him to testify.

The authorities upon evidence make a broad distinction between solemn admissions in the course of judicial proceedings and admissions against interest made otherwise. Whatever the significance ascribed to the latter, the former are regarded as conclusive upon a party, at least for the purposes of the case in which they are made. 1 Greenl. Evid. [14 Ed.] secs 27, 15 ; Wharton's Crim. Evid. [9 Ed.] sec. 638.

This rule has been distinctly recognized in this state. In *Shirts v. Overjohn*, 60 Mo. 308, it was declared that an admission in court, in the testimony of a party, has the same effect as if made in his pleadings. The latter are "taken as true" for the purposes of the action. R. S. 1879, sec. 3545; *Wright v. Town of Butler*, 64 Mo. 165. But admissions by pleadings in civil causes are certainly of no more solemn character than admissions against interest by the defendant in a criminal case before his triers and his counsel. Such admissions, sometimes called judicial confessions, if made voluntarily, intelligently and deliberately, are likewise conclusive. *State v. German*, 54 Mo. 528; *State v. Richardson*, 98 Mo. 245. To say that they are to be "taken as true" (as was done in this instance) is saying no more than that they are "presumed to be true," or are conclusive for the purposes of the case in hand. 1 Greenl. Evid. [14 Ed.] secs. 27, 32; Webster's Dictionary, Unabridged, 1883, word *"Presume."*

Of course, such effect is affixed only to admissions adhered to until the time for action thereon by the triers of the fact, or of the law. If one makes an admission in a pleading, and afterwards withdraws it, by amendment or otherwise, it is no longer conclusive upon him, though it, sometimes, may yet be admissible against him with disputable effect. Just so, when admissions are made by a party as witness in a civil or criminal cause, if, by mistake, or in the embarrassment of his situation, a misstatement of this nature occurs, he may, by timely explanation, correct it. Conclusive force belongs only to the final and deliberate admission.

The defendant, in a state case, may, if he sees fit, plead guilty to the entire charge. With greater reason may he, on the witness stand, admit subordinate facts bearing on the issues involved, thus waiving their formal proof. Oftentimes, it may be less damaging to his interests to do so than to require the evidence to be furnished in other ways.

The declaration of law under review did no more than express these principles. Indeed it is difficult to discern how a defendant could be prejudiced by an instruction directing the jury to take any part of his testimony as true. We do not think the court's declaration on that point contained any error to the prejudice of the defendant.

II.   It is next urged that the court erred in refusing certain requests for instructions, and in declaring the law, of its own motion, as follows :

" If the jury believe from the evidence that witness Wright assaulted defendant with such violence as to give defendant reasonable ground to apprehend a design upon the part of said Wright to do him some great bodily injury, and to believe that there was danger of the immediate accomplishment of such design, then the defendant had the right to repel such assault, and, in doing so, to use such force and means as would seem to be necessary under the appearances of the case as presented to defendant at the time."

Defendant's offers were all faulty, in omitting to indicate the legal limit of his right of self-defense.

In those situations where the law sanctions resort to force to protect one's person (or other proper legal object of care) from attack, it requires that no greater violence be used in defense than appears, to the person defending his rights, to be reasonably necessary, in the circumstances, to repulse the assault.

This rule of law was ignored in defendant's requests on that branch of the case, while the court's declaration accurately stated it.

In so far as the refused instructions embodied correct principles, the court adopted and gave them.

The case appears to have been tried with discriminating care and fairness.   No error has been found in the record prejudicial to defendant's rights under the law.   The judgment is affirmed, SHERWOOD and BRACE, JJ., concurring; RAY, C. J., absent; BLACK, J., dissents.