ISAAC GORDON, Appellant, v. THEODORE PELTZER, Respondent.

Kansas City Court of Appeals, February 19, 1894.

1. **Landlord and Tenant**: REPAIRS: WHICH RESPONSIBLE FOR WANT OF. The landlord is answerable for injuries resulting from his own negligence, and not for those resulting from that of the tenant, and if the tenant fails to repair, whereby plaintiff is injured, the tenant alone is responsible.

2. ———: NUISANCE: BOTH LIABLE. If the landlord erect a nuisance and let the same to a tenant, then both will be held liable for the consequent injuries, the one for the creation and the other for maintenance.

3. **Municipal Corporation**: ABUTTOR'S RIGHT TO VAULT IN SIDEWALK. An abutting property owner has right to construct a vault and coal hole in the sidewalk in front of his premises, provided the sidewalk is left in such a condition as to be reasonably safe for ordinary travel, and rights of the public left otherwise undisturbed; and he can exercise this right without any legislative permit from the municipality.

*Appeal from the Jackson Circuit Court.*—HON. SAMUEL W. MOORE, Judge.

AFFIRMED.

*H. C. Ward* and *R. H. Field* for appellant.

(1) Defendant not having pleaded or proven any such license from Kansas City, he must be held the author and a continuer of a public nuisance in constructing and suffering to be continued the coal hole and vault in the sidewalk in question. *Congreve v. Smith*, 18 N. Y. 79; Wood on Nuisances, p. 277. The owner of property fronting on a street has no more rights upon the highway than any stranger thereon. Wood on Nuisances, pp. 276–297 inclusive; Dillon on Mun.

Corp. [4 Ed.], secs. 660, 1032, 1033; Elliott on Streets and Roads, 483, *et seq.; Dygest v. Scheneck*, 23 Wend. 446; *House v. Metcalf*, 27 Conn. 632. Having made the coal hole and excavation in the sidewalk in question without a license, his liability for the safe maintenance of the same could not be shifted nor evaded by him by his rental of the premises and by proof that the coal hole was reasonably safe to be traveled upon at the time of such rental, and that the injury to plaintiff was due to the negligence or acts of some third party in the use of such coal hole. Wood on Nuisances, p .282; Dillon on Mun. Corp. [4 Ed.], sec. 1033, note 1; *Calder v. Smalley*, 66 Iowa, 219; *Tate v. Railroad*, 64 Mo. 149, 155; Taylor on Landlord and Tenant, sec. 175.

*Walter A. Powell* for respondent.

(1) As the common council had not acted on this question, then the city had no right to demand that defendant should obtain a license to build his vault, and in fact did not require one, as there was "no ordinance on the question," and defendant had a right to construct such vault without a license from the city. *Kirkpatrick v. Knapp & Co.*, 28 Mo. App. 431; *Adams v. Fletcher*, 17 R. I. 137; *Fisher v. Thirkell*, 21 Mich. 1–19, 20; *McCarthy v. City of Syracuse*, 46 N. Y. 149; Dillon on Mun. Corp., sec. 656 *b*. (2) If the injury was the result of the negligent act of a tenant in possession of the premises, then defendant is not liable, and such instruction is not error. *Clifford v. Atlantic Cotton Mills*, 146 Mass. 47; *Leonard v. Storer*, 115 Mass. 86; *Adams v. Fletcher*, 17 R. I. 137; *Wolf v. Kirkpatrick*, 101 N. Y. 151; *Gilliland v. Railroad*, 19 Mo. App. 411; *Stewart v. Putnam*, 127 Mass. 407; *Ward v. Fagin*, 101 Mo. 674; *Peterson v. Smart*, 70 Mo. 38; *Little v. Macaradas*, 29 Mo. App. 332.

GILL, J.—In February, 1893, defendant Peltzer owned a brick house on Thirteenth street, Kansas City, built flush to the property line, with a basement extending under the sidewalk where there was a vault for storing coal. There was a stone sidewalk in front of the building covering the excavation, and to let in the coal, a scuttle or hole was constructed, consisting of the usual appliances of an iron rim into which the solid metal covering was adjusted, resting on a flange made for the purpose. The house, with the coal hole, was, at the time, rented by one Jones, who had as tenant occupied it since the preceding September.

During Jones' occupancy, to-wit: February 16, 1893, the plaintiff, Gordon, while walking along the sidewalk, stepped on the iron covering, the same tipped and his leg was thrust into the hole, resulting in some personal injury. Plaintiff thereupon brought this action for damages; there was a verdict and judgment below for defendant, and plaintiff appealed.

We think it unnecessary to quote in detail all the instructions given by the court. The following clearly indicate the theory of the law declared to the jury:

"3. The jury are instructed that defendant had the right to construct a coal hole in said sidewalk, and that he was bound only to so construct such coal hole, and the cover thereof and supports for such cover, in such manner that such cover would remain reasonably secure in its place, so that the sidewalk and said cover should be reasonably safe for ordinary travel.

"4. If the jury believe from the evidence, that defendant had, prior to the accident in question, rented said premises, together with the area or excavation under such sidewalk, to a tenant, and that at the time of such renting the premises in question were reasonably safe for foot passengers on the sidewalk,

and that such tenant retained possession up to the time of the accident, and that such tenant or those under such tenant in possession of the area or excavation under such sidewalk, had removed or caused to be removed the cover over said hole for the purpose of putting coal through such hole into the area and thereby dirt, coal dust or other material had accumulated on the supports for said cover to such an extent that said cover would not fit in its place on such support, and that by reason thereof the accident to plaintiff was caused, your verdict must be for defendant.''

It is admitted that there was evidence tending to prove all questions of fact submitted in the foregoing instructions. So, then, we shall assume, as the jury found, that in the original construction of the scuttle defendant exercised due care and that said coal hole and cover thereto was so made and adjusted as to be reasonably secure and safe for ordinary travel; that such was its condition when the premises were rented to Jones, and that the accident to plaintiff was occasioned by said tenant's permitting the iron cover to be misplaced, etc.

It must be conceded that, if the construction of the vault and coal hole was lawful, and plaintiff's injuries were attributable to the subsequent negligence of the tenant in allowing the cover to be misplaced—then the tenant and not the landlord should be held responsible. This would be so even had the accident happened by reason of a failure to repair; for it seems well settled that in the absence of a covenant to that effect the landlord is under no legal obligation to repair the premises during the course of the tenancy. *Ward v. Fagin*, 101 Mo. 669. The rule is, ''that the landlord is answerable for injuries resulting from his own negligence, and not for those resulting from that of the tenant. In such cases the tenant alone is responsible.''

*Gilliland v. Railroad*, 19 Mo. App. 411, and authorities cited at p. 416. If on the other hand the landlord shall erect a nuisance and let the same to a tenant, then both will be held liable for the consequent injuries— the one for the *creation* and the other for the *maintenance*. They are considered as joint *tort feasors*. Wood's Law of Nuisances, sec. 269. *Clifford v. Atlantic Cotton Mills*, 146 Mass. 47, 49; *Gilliland v. Railroad, supra*; *Tate v. Railroad*, 64 Mo. 165.

We come now to the question, was the vault excavation under defendant's sidewalk, with the scuttle attachment, a nuisance *per se*, even though it was properly constructed (which we must assume as the jury so found). Counsel for plaintiff insist on the affirmative of this proposition; and, indeed, they must sustain it or there is no possible right of recovery. It seems to be contended on behalf of the plaintiff, that until the abutting property owner shall secure a legislative permit it is unlawful to excavate under the sidewalk and place there a coal hole, even though it may be done in a careful manner and left reasonably safe for passing pedestrians. Counsel apparently gather encouragement for this position, because of the fact that under the charter of Kansas City (as it existed when this vault and coal hole was constructed) power was given the common council by ordinance, "to have exclusive control and power over the streets, sidewalks * * * and highways of the city * * * *and to regulate the building of vaults under sidewalks*" (laws of 1875, p. 204) and because the city had not then exercised this power—had not by ordinance provided any rules or regulations for building vaults.

The contention is, that as there was an absence of ordinances under this grant of power, then the construction of such vault and coal hole was without lawful authority and its erection a nuisance. Though this

position has apparent support in some jurisdictions, particularly in New York (*Congreve v. Smith*, 18 N. Y. 79), we yet think it is not the better law. We regard it the better doctrine, "that the want of a special license or authority to construct and maintain the coal hole in question did not constitute it a nuisance." *Adams v. Fletcher*, 17 R. I. 137; *Fisher v. Tirkell* 21 Mich. 1–20, and cases cited; *Kirkpatrick v. Knapp*, 28 Mo. App. 427; 1 Thompson on Negligence, p. 345, sec. 7; 2. Dillon on Mun. Corp. [4 Ed.], sec. 656 *b*.

The two cases cited from Rhode Island and Michigan are "on all fours" with the one at bar. In the first the court quotes with approval from Judge DILLON: "The abuttor is entitled as of right, subject to municipal and public regulation, to make any beneficial use of the soil of the street which is consistent with the prior and paramount rights of the public therein for street purposes proper. The right of the public to use the streets, not only for travel and passage, but for sewer, gas, water and steam pipes and the like purposes, is of course paramount to any proprietory rights of the abuttor. The abuttor may, as a logical and necessary result, it is believed, whether the fee is in him or in the public, build, *as of right*, underground house-vaults in the streets, subject, of course, to the paramount right of the public for street uses proper, where the two rights come in competition, and subject also to reasonable legislative, municipal or police regulations as to location, mode of construction and use of such vaults."

These "police regulations" as to mode and manner of construction, etc., above alluded to, are just what may have been enacted by the legislature, but which were delegated to the common council of Kansas City by force of the charter provision before quoted. But since the municipal authorities had not seen proper to

prescribe by ordinance any regulations for the manner of building these vaults, by what logic or reason can it be contended that the abutting proprietor has, for that reason, lost his right to construct such vaults?

In our opinion, the defendant had the undoubted right to construct the vault and coal hole in front of his house, provided only that the sidewalk was left in such a condition as to be reasonably safe for the ordinary travel, and the rights, of the public left otherwise undisturbed.

Judgment affirmed. All concur.