GIOVANNE MANCUSO, Respondent v. KANSAS CITY et al., Appellant.

Kansas City Court of Appeals, March 7, 1898.

1. **Action**: MUNICIPAL CORPORATION: PROPERTY OWNER: COAL HOLE. The owner of abutting property is not charged with keeping the sidewalk in repair, but if he avails himself of the privilege of maintaining a coal hole in the sidewalk, he must maintain it in a safe and proper condition.

2. ———: NEGLIGENCE: LANDLORD AND TENANT: COAL HOLE.   If a landlord leases premises with a coal hole in the sidewalk out of repair and a tenant permits it so to remain, both landlord and tenant will be liable as well as the city to the party injured by such negligence.

3. ———: KANSAS CITY CHARTER: JOINT LIABILITY OF PROPERTY OWNER. Under the charter of Kansas City, where the property owner is liable for his negligence in regard to the sidewalk, no action can be had against the city without joining such property owner.

4. ———: ———: AMENDMENT: PRACTICE: OBJECTION. Where plaintiff's amended petition authorized the court to strike it out as to the property owner and plaintiff subsequently dismissed as to him, he can not maintain a subsequent judgment in his favor on the ground that the property owner was dismissed by the rule of the court where the defendant properly preserves its objections in the record.

5. ———: ———: WAIVER.   Where the defendant city notwithstanding its former objections to the dismissal of the property owner from the case, subsequently files an answer and goes to trial and judgment is rendered against it on the issues raised by its answer, it waives the right to have the property owner made a party defendant, since the charter provision does not deprive the court of jurisdiction to render a judgment where the property owner is not a party.

Mancuso v. Kansas City.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

L. A. LAUGHLIN for appellant.

(1) A codefendant with the city can not be dismissed by the plaintiff without the consent of the city. If the codefendant is dismissed by plaintiff, all further proceedings in the case will be stayed. Charter of Kansas City, art. 17, sec. 11; Charter of St. Louis, art. 16, sec. 9; Donoho v. Iron Works, 75 Mo. 401, 405; Wiggin v. St. Louis, 37 S. W. Rep. 528, 531; State v. Diveling, 66 Mo. 375; Fosburgh v. Rogers, 114 Mo. 122; St. Joseph v. Landis, 54 Mo. App. 315; St. Louis v. Lane, 110 Mo. 254. (2) Plaintiff can not permit judgment to go for the codefendant by a failure or neglect to plead a legal ground of liability against him. If plaintiff does, all further proceedings in the case are stayed.

HARKLESS, O'GRADY & CRYSLER for respondent.

(1) The question of defect of parties, if any, was a question to be raised by the answer; and the answer having not raised it, and the city having gone to trial, the question is not here. Donahue v. Bragg, 49 Mo. App. 273; Leucke v. Tredway, 45 Mo. App. 507; Crenshaw v. Ullman, 113 Mo. 633; R. S. 1889, sec. 2047; Paddock v. Somes, 102 Mo. 226. (2) The city can not raise the question of objecting to proceeding with the cause or to impaneling a jury, for they waived it by going to trial. This was the very question that the city had once raised on its motion to strike out, which the court had overruled, and the city not hav-

ing elected to stand on the motion, its going to trial cured it all, even if otherwise well taken.    Donahue v. Bragg; 49 Mo. App. 273.

SMITH, P. J.—This is an action to recover damages for personal injuries.    In the original petition the city and Peter Madsen were made parties defendant, and it was alleged therein that while plaintiff was walking along the sidewalk on East Third street in the defendant city, in front of a store building owned by defendant Madsen, he stepped upon a coal hole cover which turned and he fell into said coal hole astride of said cover, in consequence of which he received severe personal injuries, etc.    The gravamen of the plaint was, that the defendants maintained the coal hole in a defective and dangerous condition.

STATEMENT.

Later on the plaintiff filed an amended petition in which he joined Frank Termini, the occupying tenant of said store building, as a codefendant of the other two.  · In the latter petition the defendant Madsen was alleged to be liable for the plaintiff's injuries on. the ground that he had leased the said store building to defendant Termini with the coal hole in its defective and dangerous condition, and that each and all of the defendants failed and neglected to take any steps to remedy, or cause to be remedied, the covering to said hole, etc.    The defendant Madsen filed a motion to strike out the amended petition as to him on the ground that it changed substantially the claim alleged in the original petition (R. S., sec. 2098), which motion was sustained.

The defendant city thereupon filed its separate answer to the amended petition.    Still later on the defendant city also filed a motion to strike out the plaintiff's amended petition on the ground, *first*, that it stated a

Mancuso v. Kansas City.

cause of action different from that in the original and was a departure therefrom, and, *second*, that it stated a different cause of action as to defendant Madsen from that set out in the original and was a departure as to him and thereby deprived the defendant city of the right to join the said defendant Madsen as a codefendant in the action pursuant to section 11, article 17, of the charter of the defendant city. This motion was overruled.

The defendant Madsen then filed a motion for judgment on the pleadings, pending which plaintiff dismissed the action as to him.

The cause coming on for trial the defendant city orally objected to any further proceeding being had therein, for the reason that by the action of the court, and by the action of the plaintiff in refusing to file any further pleading making a codefendant of Peter Madsen, the defendant city was deprived of its right to have said Madsen joined as a codefendant in the action as provided by section 11, article 17, of its charter, which said objections were by the court overruled, the defendant city excepting thereto.

Thereupon the cause was tried upon the issues made by the pleadings. The plaintiff had judgment and the defendant city has appealed.

Under the allegations of the amended petition the defendant city was liable to an action on account of the negligence of Madsen, the latter being also liable to an action therefor. It is true that the owner of abutting property is not charged with the duty of keeping the sidewalk in front thereof in good order so far as the general public is concerned. That is a duty which falls upon the city having the control of the streets, but the duty to keep the sidewalk in a reasonably safe condition rests upon the city and for a failure to perform that duty it would

ACTION: municipal corporation: property owner: coal hole.

be liable.    Russell v. Columbia, 74 Mo. 490;  Welsh v. St. Louis, 73 Mo. 71; Kiley v. Kansas City, 87 Mo. 103; Norton v. St. Louis, 97 Mo. 537; and where an abutting owner avails himself of the privilege which may be accorded to him of placing something in, or by, the sidewalk' which may serve as a convenience or easement to his premises he becomes also charged with the duty to see that the place thus used is maintained in a safe and proper condition.    Matthews v. DeGroff, 13 App. Div. (N. Y. S. C.) 356.    In Whalen v. Gloucester, 4 Hun. 27, it was said:    "Assuming, and the assumption is for her benefit, that the defendant had permission to use the cover as provided by the ordinance, the use of it necessarily imposed upon her the obligation to keep it in repair for the purpose and perfectly safe—as safe as the street itself should be—for passers-by.    A cover becomes a part of the highway or walk and must be as secure to the wayfarer as the walk itself.    * * *    She assumed a duty to the public and must bear the burden."

It will be thus seen that this aspect of the case puts the liability upon negligence and not nuisance.    This is a positive duty declared to exist on the part of the owner of the property.    There is, therefore, authority in the case from which we have just quoted for the general proposition that the owner of property to which a coal hole in the sidewalk is appurtenant is under obligation to keep the cover of that coal hole in a safe and proper condition and that a failure to perform that duty constitutes negligence, and one suffering injuries in consequence thereof is entitled to maintain an action against such owner.    In Anderson v. Dickie, 1 Robt. 238, it was held that the owner of premises having an area or vault under the highway in front thereof was bound to provide a covering for the opening into such vault from the highway, so as to make it safe for persons to pass over or by it, and that if he leased the

premises without providing a cover with secure fastenings he was liable for injuries sustained by a passer-by who fell into the opening, and that, although the covering might have been deranged or removed by a third person. And this seems to be the rule applicable both to cases of nuisance and negligence. Mathews v. De Groff, *ante;* Black v. Maitland, 11 App. Div. (N. Y. S.C.) 188.

Generally speaking, the person responsible for a nuisance is he who is in the occupation of the premises on which it exists. It may be that others may be also liable. Hadley v. Taylor, 1 L. R. (Com. Pl.) 53. As between landlord and tenant there is no general obligation upon the former to keep the premises in repair when he has made no express contract to do so. And if the premises are in good repair when demised, but afterward become ruinous and dangerous, the landlord is not responsible therefor either to the occupant or to the public unless he has expressly agreed to repair or has renewed the lease after the need of repair has shown itself. Todd v. Flight, 9 C. B. (N. S.) 377. The rule laid down in cases of nuisance being applied to cases of negligence, what was held in Timlin v. Standard Oil Co., 126 N. Y. 514, becomes pertinent, namely, that if the owner of premises knows, or in the exercise of diligence can ascertain, that they have upon them a nuisance dangerous to the public, it is his duty to abate it before leasing the property, and if he leases it without doing it he is liable in damages to one injured in consequence of it. Mathews v. DeGroff, *ante.*

In Wood on Nuisances, section 269, it is stated: "The rule is that a person making a dangerous erection, excavation or other nuisance in a public street, lane or highway, is liable for all injuries arising therefrom during its continuance and if he leases the prem-

ises the lessee is also jointly liable with him, or either may be pursued separately." In Taylor's Landlord and Tenant, section 175, it is stated: "The landlord's liabilities in respect of possession are in general suspended as soon as the tenant commences his occupation. But where the injuries result to a third person from faulty or defective construction of the premises, or from their ruinous condition at the time of the demise, or because they contain a nuisance, even this only becomes active by the tenant's ordinary use of the premises, the landlord is still liable, notwithstanding the lease." Buesching v. Gaslight Co., 73 Mo. 228, was a suit against the owner of property abutting upon a street for damages on account of negligence in permitting an excavation on the marginal line of the street, and it was there held that the owner was liable as for a nuisance to the highway. Wiggin v. St. Louis, 135 Mo. loc. cit. 566. In Gordon v. Peltzer, 56 Mo. App. 599, upon the authority of Tate v. R'y, 64 Mo. 165, it is said: "If the landlord shall erect a nuisance and let the same to a tenant then both are liable for the consequent injuries, the one for the creation and the other for the maintenance. They are considered joint *tort feasors*." Also *vide* Clifford v. Cotton Mills, 146 Mass. 47.

It is clear from these authorities that the amended petition alleges a cause of action not only against the defendant city but against Madsen, the owner of the abutting property as well. And in this connection it may not be out of place to state that the evidence preserved in the bill of exceptions very strongly tends to support the grounds of liability of the defendant Madsen so alleged.

This being so, could a judgment be rendered against the defendant city unless a judgment also be

Mancuso v. Kansas City.

—: Kansas
City charter:
joint liability
of property
owner.

rendered against Madsen? Section 11, article 27 of the defendant city's charter provides: "Whenever the city shall be liable to any action for damages by reason of the unauthorized or wrongful acts, or of the negligence, carelessness or unskillfulness of any person or corporation, and such person or corporation shall also be liable to an action on the same account by the party so injured, and such injured party sue the city for damages suffered by him, and the city shall, in writing, filed in the cause within fifteen days after the first day of the next term of the court after the service of the writ in said cause, notify the plaintiff or his attorney of record that such person or corporation, giving the name and residence of such person or corporation, is jointly liable with the city in such case, then the plaintiff in such action shall join such party or corporation as a defendant in said action, and any such cause shall not be prosecuted against the city until such party or corporation is made a codefendant with the city."

A similar provision of the charter of the city of St. Louis (section 9, article 16), was considered and construed in Donoho v. Iron Works, 75 Mo. 405, and in Wiggin v. St. Louis, 135 Mo. 558. In the former of these case it was stated: "We understand this section to mean that when the city is liable to an action on account of the negligence or wrongful act of another who is liable to an action for the same injury, the city and such other person must be joined as defendants, and there can be no judgment against the city, unless judgment be also rendered against such other person who is also liable. * * * The purpose of this section doubtless is to prevent circuity of action and a multiplicity of suits and their attendant evils in those cases where the city can be

held liable for wrongful or negligent acts of others who are primarily liable and who would, in turn, be liable over to the city.'' And in the latter it is said that: ''Independent of the charter provision the person suffering the injury had the right to pursue his remedy against either of the persons liable to him. The charter changes the rule of practice in that respect and requires both to be joined in the suit and forbids a judgment against the city alone when the other party is found to be primarily liable.'' This exposition of the St. Louis charter provision must be held applicable to that under consideration here, and the question now is whether or not, in view of the latter, the trial court erred in proceeding to trial and judgment against the defendant city alone.

The plaintiff insists that in his amended petition he properly joined Madsen as a defendant with the city and brought him before the court to answer the same and that he was compelled to dismiss the action as to him to avoid a judgment in his favor which would have been a bar to an action over by the city against him. But does the plaintiff stand in any more favorable position than if he had voluntarily dismissed his action as to Madsen? We think not, and for the reason that the compulsory dismissal was brought about by the plaintiff's own fault. It is conceded that under the rule declared in Scovill v. Glasner, 79 Mo. 449; Lumpkin v. Collier, 69 Mo. 170, and Lottman v. Barnett, 62 Mo. 159, the plaintiff's amended petition was so changed in its material allegations from the original that the trial court was justified in striking out the same as to Madsen. If the plaintiff had filed a proper petition in the first instance there would have been neither necessity nor occasion for the action of the court. The plaintiff was reduced to the alternative of either dis-

*amendment: practice: objection.*

missing his action as to Madsen or suffering judgment to go in his favor by reason of his own fault. After he was reduced to this complexion he could have dismissed his action without prejudice as to all the defendants and begun anew and thus, in a measure, avoided the consequences of his inadvertance. When the plaintiff dismissed his action as to Madsen the court could not proceed further against defendant city alone without violating the prohibition of its charter, and more especially so when the application of that prohibition had been timely and appropriately invoked by the defendant city. Clearly the plaintiff had no right to dismiss his action as to Madsen and then proceed to trial and judgment against the defendant city. This was a plain disregard of the charter which, but for the reasons to be presently stated, would necessitate a reversal of the judgment.

In Schweickhardt v. St. Louis, 2 Mo. App. 571, there is a syllabus to the effect that, "when the city of St. Louis and an individual are sued jointly for damages occasioned by the negligence of the latter and the suit is dismissed as to the individual, the record not showing that he is dead, a judgment taken thereafter against the city will be reversed." And it appears from the opinion that this was so because of the prohibition contained in the charter of that city previously herein referred to. The present case is distinguishable from Wiggin v. St. Louis, and Waltemyer v. Kansas City, 71 Mo. App. 354, in that the court sustained a demurrer to the evidence in each case as to the party whose negligence primarily occasioned the injury without affording the defendant city an opportunity to show by evidence the liability of such party. In each of these cases the petition stated a good cause of action against both defendants. It was said that though the defendants were joined as such in the

suit that the interest of each was adverse to the other on the question of primary liability. And it was, in substance, said in those cases that if the court erred in refusing to allow the case to go to the jury as to the defendant, who was primarily liable for the injury, that this was no ground for reversing the judgment against the city. But in the present case it is not pretended that there was any error in the action of the court in striking out the amended petition as to Madsen. Here the action was, in effect, voluntarily dismissed by the plaintiff, while in those cases it was the result of the erroneous action of the court in allowing the defendant's demurrer to the evidence. It was decided in those cases that the plaintiff could not be deprived of the fruits of his judgment against the city on account of the error committed by the trial court. We are not of the opinion, therefore, that the reasoning of those cases can be applied to this to uphold the judgment.

But the plaintiff contends that the defendant did not properly preserve its objection to the action of the trial court in proceeding in the case in disregard of the prohibition of its charter, and for that reason the action of the court is not subject to review here. It is, we think, a sufficient answer to this contention to say that this action of the trial court is plainly shown by the record proper. Schweickhardt v. St Louis, *ante.*

The plaintiff contends further that the defendant city, by going to trial on the amended petition and its answer thereto, waived its right to again invoke the application of the prohibition of its charter. At first we were inclined to think that the effect to the charter of the defendant city was to deprive the court of jurisdiction to take any further steps in the case after the plaintiff had dismissed his action as to Madsen, but upon reflection we concluded

——: ——: waiver.

that it did not go that far and this conclusion finds
support in the rulings made in Wiggin v. St. Louis,
*ante*, and Waltemyer v. Kansas City, *ante*, for in those
cases the judgment which was given against the city
after the codefendant had been dismissed, was sus-
tained. If the construction had been that the
charter deprived the court of jurisdiction to pro-
ceed with the trial to judgment after the code-
fendant had been dismissed, of course the judgment
could not have been sustained. The defendant's
charter introduces a radical change in the code of
procedure in cases where it is liable for the negli-
gence of another. And where, in such case, the
plaintiff has made such other a party defendant and
afterward dismisses the action as to him, no reason can
be seen why, if the defendant files his answer to the
plaintiff's petition and proceeds to trial of the case on
the merits, that he does not thereby waive the right to
afterward insist that the suit was prosecuted in viola-
tion of the prohibition of the charter. The court had
jurisdiction of the subject-matter of the action and
therefore the right conferred by the charter to require
the plaintiff to make Madsen a codefendant in the
suit, as a condition upon which he would be allowed to
further prosecute the same was clearly waived by the
action of the defendant city in answering the amended
petition and proceeding to trial on the merits. If de-
fendant had abandoned the case when the court refused
to strike out the amended petition, or when it over-
ruled the objections presented by its oral demurrer,
namely, that a further prosecution of the case was for-
bidden by the charter, it would have avoided the
wholly fruitless expense of a trial of the issues of fact.
Having taken its chances upon those issues it is now
too late to go back and revive the objections made in
the first instance. As said in Fuggle v. Hobbs, 42 Mo.

541, "If the appellant intended to avail himself of the errors committed by the court in this respect he should have let judgment go at the time and stood on his exception. By pleading over and going to trial on another issue he voluntarily abandoned whatever ground he might have had for a review of the action of the court. The judgment appealed from is the judgment rendered upon the issue tendered by the last pleading," etc. The application of the rule in respect to waiver is illustrated by a great number of cases to be found in our reports, among which are: Scovill v. Glasner, *ante;* Pickering v. Telegraph Co., 47 Mo. 457; Donahue v. Bragg, 49 Mo. App. 273, and Ryors v. Prior, 31 Mo. App. 561.

It follows therefore that the judgment must be affirmed. All concur.