## WILLIAM STOETZELE, Respondent, v. MARTHA SWEARINGEN, Appellant.

### St. Louis Court of Appeals, December 3, 1901.

1. **Nuisance, what is.** A coal-hole in a sidewalk, properly constructed and covered, is not a nuisance, *per se*, but a lawful use of the street and consistent with the easement of the public to travel over it.

2. ———: ———: NEGLIGENCE. And liability for an injury sustained by a passenger who falls into it, depends on whether there was negligence in constructing or maintaining it.

3. **Landlord:** LIABILITY CAUSED FOR INJURIES ARISING FROM LEASED PREMISES NOT KEPT IN REPAIR. A landlord is responsible for injuries arising from the bad repair of leased premises if they were in that state when let.

4. ———. And if a landlord, or his agent, has had notice of the dangerous condition of the premises before they were demised, it is his duty to make them safe.

5. **Jury:** DAMAGES: PRACTICE AND PROCEDURE: PRACTICE: APPELLATE: SETTING ASIDE VERDICT. In the case at bar, the damages awarded by the jury were wholly inordinate and out of all proportion to what plaintiff really sustained, and the verdict bears the impress of passion or prejudice upon its face.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*Thos. A. Russell* and *H. Chouteau Dyer* for appellant.

(1) The trial court erred in refusing to give defendant's instruction in a nature of a demurrer to the evidence. The testimony showed conclusively that the premises in question were under a lease at the time the accident occurred. They had been under lease to Garvey & Company for several years and their lease did not expire until April 1, some three weeks after the accident. There was no evidence that Mrs. Swearingen was under any contract to keep the premises in repair. "A landlord is not bound to keep leased premises in repair in the absence of an agreement to do so." Ward v. Fagin, 101 Mo. 669. "And he is not responsible in damages for injuries resulting from a failure to keep leased premises in repair." Idem. Peterson v. Smart, 70 Mo. 34. A landlord is answerable for injuries resulting from his own negligence, but not those resulting from that of the tenant. Gordon v. Pett-

zer, 56 Mo. App. 599. In such cases the tenant alone is responsible. Idem, p. 602. Gilliland v. Railway, 19 Mo. App. 411, and cases cited, p. 417. In Mancuso v. Kansas City, 74 Mo. App. 138, the court says, p. 143: "Generally speaking, the person responsible for a nuisance is he who is in the occupation of the premises on which it exists." And defendant was not liable unless she knew, or by the exercise of ordinary diligence could have known, that a nuisance existed on the premises. Mancuso v. City, 74 Mo. App. 143. (2) There was no testimony that defendant knew of the existence of a nuisance, or that by ordinary care she could have known. Two witnesses testify that the day before the accident the agent of defendant stood on the cover of the opening and there was no apparent sign of danger. Since the testimony all showed that there was no liability on the part of defendant, the court should have given the instruction asked for by defendant at the close of plaintiff's case.

*Rassieur & Rassieur* for respondent.

(1) Where a coal hole has been constructed in the sidewalk, the owner must exercise reasonable care to keep the cover in safe condition, to prevent injury to pedestrians. If the cover is in a safe condition when he leases the premises, then the landlord is not liable for injuries occurring during the occupancy of the lessee. But if, at the time of the leasing, the cover was in an insecure and defective condition, then the landlord is liable, notwithstanding the lease. Jegglin v. Roeder, 79 Mo. App. 428; City of Memphis v. Miller, 78 Mo. App. 67; Stevens v. Walpole, 76 Mo. App. 213, 219; Mancuso v. Kansas City, 74 Mo. App. 138. (2) The evidence shows that the Garvey lease had been surrendered and Sander entered about March 1, 1897, under an agreement with defendant for a new lease beginning March 1. The evi-

dence shows that the defendant caused the iron cover to be re-paired immediately after the plaintiff was injured. This evidence does not establish that the cover was insecure at that time, but it does tend to prove that, if any repairs were necessary, the defendant, and not the lessee, was in duty bound to make them. Rusher v. City of Aurora, 71 Mo. App. 424; Wood v. Railroad, 51 Mo. App. 503; Bowles v. Kansas City, 51 Mo. App. 416; Walker v. Point Pleasant, 49 Mo. App. 248; Mitchell v. Plattsburg, 33 Mo. App. 555; Brennan v. City of St. Louis, 92 Mo. 488.

GOODE, J.—Plaintiff was injured by falling into a coal-hole in the sidewalk in front of the premises belonging to the defendant.

The principal defense to this action for damages is that the premises, were, at the time and had long been, in the possession of defendant's tenants under a written lease; that the covering of the coal-hole was in good condition when the lease was executed, and defendant made no covenant to repair.

A coal-hole in a sidewalk, properly constructed and covered, is not a nuisance per se, but a lawful use of the soil of the street and consistent with the easement of the public to travel over it. Gordon v. Peltzer, 56 Mo. App. 599; Adams v. Fletcher, 17 R. I. 137; Fischer v. Tirkeld, 21 Mich. 1. Liability for an injury sustained by a passenger who falls into one, depends, therefore, on whether there was negligence in constructing or maintaining it.

Appellant invokes the doctrine that a landlord is exempt from responsibility for injuries arising from the unsafe condition of a leasehold, provided it was in good condition when let and he gave no covenant to repair; in which case the duty devolves on the tenant to make repairs, who is therefore answerable for harmful results which follow his failure to do so. Gordon v. Peltzer, supra. The facts fail to bring appellant

within the scope of that rule.    She had leased the building in question to a firm styled Garvey & Company, some five years before the action.    That firm occupied it and also an adjoining building, paying a rent of ninety dollars a month for both. In January, 1897, Garvey & Company moved out of the building, but their lease did not expire until the first day of April. Albert Sander, wishing to rent the house in front of which the coal-hole was, called on James Barrett, who was defendant's agent to handle the property.    Barrett told Sander about the Garvey lease and that he would have to make some arrangement with that firm.    Sander agreed with Garvey & Company to pay them forty dollars for the privilege of occupying said house during the unexpired portion of their term and moved in the last of February.    A written lease was drawn up between him and Mrs. Swearingen, by which his term as her tenant began on the first day of March.    This lease was signed in April, it appears, but the evidence admits of no inference except that his tenancy began March first.    It is true he paid Garvey & Company a bonus, but that money was allowed or repaid him by Mrs. Swearingen as a credit on the March rent, which month's rent he, and not Garvey & Company, paid to her.    It is therefore apparent that he attorned to appellant on the first day of March and that his term then began.    Moreover, the answer contains this unqualified admission:    "Defendant admits that on the tenth day of March, 1897, she was the owner of the premises, 701 North Third street, described in the petition, but she says prior thereto, to-wit, on or about the —— day of February, 1897, she leased said premises to one Albert Sander, and *that on the first day of March, 1897, said Sander entered into possession* thereof under said lease and ever since that time has had and still has the exclusive possession and control thereof."    The answer proceeds to aver that at the time of the lease to Sander, the premises were in good and safe condition and it was Sander's duty to main-

tain them in that condition. There is no allusion whatever to the Garvey lease. Both by the pleadings and the proof, therefore, the defendant leased the property to Sander for a term beginning the first day of March. The accident occurred on the tenth.

. There was evidence to prove the dangerous condition of the coal-hole had existed for some time previous, and that the defendant's agent, Barrett, had been actually notified of the fact at least a month, and probably longer, before the accident happened. Under these circumstances, there can be no doubt about the jury's right to pass on the defendant's liability; for a landlord is responsible for injuries arising from the bad repair of leased premises if they were in that state when let. Mancuso v. Kansas City, 74 Mo. App. 138; Kirkpatrick v. Knapp, 28 Mo. App. 427; Todd v. Flight, 9 B. C. (N. S.) 377. As defendant, or her agent, had notice of the dangerous state of the coal-hole before she demised to Sander, it was her duty to make it safe. Timlin v. Standard Oil Co., 126 N. Y. 514.

Plaintiff recovered a verdict for more than three thousand one hundred dollars. Complaint is made that it is excessive and so manifestly unjust that it must have been the result of passion or prejudice on the part of the jury. The evidence shows one of plaintiff's legs was scraped and bruised and he was slightly bruised in the side. A physician was with him at the time, who gave him a prescription and told him to go home and apply it, which he did. A day or two afterwards he sent for the doctor and it was found erysipelas had set in, presumably from an unclean condition of the wound. Plaintiff was confined to the house or kept from his business three weeks and claimed to suffer pain in his limb from the injury long after. No bones were broken and there was no permanent injury, though some discoloration remained and painful

Vol 90 app—38

sensations came and went according to the weather. The injury was rather slight until erysipelas developed and that complication was not serious.

With such proof before us, we are unwilling to let the verdict stand, while conceding the widest latitude to a jury in estimating damages, which is compatible with a fair and honest judgment upon the testimony. The object intended to be secured in awarding damages for personal injuries, is to afford just and reasonable compensation for the suffering endured by plaintiff, his loss of time, diminished ability to support himself and family, and expenses incurred for treatment. This latter item amounted to fifty-five dollars. The plaintiff in this case was a butcher and occupied a stall at the city market. He was detained from his business only a short while, nor does the testimony disclose that he underwent severe suffering. The damages awarded by the jury were wholly inordinate and out of all proportion to what he really sustained. As was said by our Supreme Court, in a similar case; "It bears the impress of passion or prejudice upon its face." Haynes v. Town of Trenton, 108 Mo. 123.

For this reason the judgment is reversed and the cause remanded. All concur.