MICHAEL J. SHERIDAN, Respondent, v. ZEILDA FORSEE, Appellant.

Kansas City Court of Appeals, April 25, 1904.

1. TRIAL PRACTICE: Petition: Demurrer: Aider by Judgment. A demurrer to a petition for damaging plaintiff's property by flooding his storeroom from the upper stories, is held properly overruled since the petition set out in the opinion was sufficient to sustain a judgment.

2. ———: Instructions: Assuming Facts. Instructions held not to assume the facts, but if so, it is immaterial as the facts were practically uncontradictory.

3. LANDOWNER AND TENANT: Negligence: Liability of Landowner. The landowner is not liable for the negligence of his tenant.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

AFFIRMED, *si.*

*James W. Boyd* and *James F. Pitt* for appellant.

(1) Instruction number one given on the part of the plaintiff is erroneous. Thompson v. Botts, 8 Mo. 710; Sawyer v. Railroad, 37 Mo. 240; Ins. Co. v. Seminary, 52 Mo. 480; State v. Gann, 72 Mo. 374; State v. Wheeler, 79 Mo. 366; Comer v. Taylor, 82 Mo. 341; State v. Mason, 96 Mo. 559; Roberts v. Drane, 100 Mo. 273; Wilkerson v. Eilers, 114 Mo. 245; Walters v. Cox, 67 Mo. App. 299. (2) If the plaintiff was damaged as alleged in the third and fifth counts, the damage was caused by water overflowing in the apartments of the defendant's tenant, the United States recruiting station, over which and whom the defendant had no control, and for which damages defendant is not liable. McCarthy v. New York, 74 Main 315; Ward v. Fagan, 101 Mo. 699; Gordon v. Peltzer, 56 Mo. App. 599.

*James & Norris* for respondent.

(1) Instruction number one given on the part of the plaintiff is not erroneous. (2) When a landlord puts a tenant in possession he can not stand by knowing that other tenants are in the habit of using the property leased from the landlord in such an improper manner as to be liable to become a nuisance or menace to the property of the tenant and thereby work an ouster of the tenant or otherwise damage him. Rosenfield v. Newman, 60 N. W. (Minn.) 1085.

BROADDUS, J.—The plaintiff's petition contains six counts; he took a nonsuit on the last, and on the trial recovered on the other five. The first count is as follows:

"Plaintiff for a cause of action states that on or about the fifth day of May, 1900, the defendant, Zeilda Forsee, was the owner of the building and storerooms known as 416 Edmond street in the city of St. Joseph, Missouri, and at said time the plaintiff was the tenant of said defendant and occupied as said tenant the storeroom in said building and conducted a fancy grocery store therein, and that over said storeroom, and in the same building there were portions of said building separate and apart from said storeroom, over which said defendant had the exclusive control and possession and which said separate portions of said building the plaintiff had no interest in, or control over.

"It became at said time and was the duty of the defendant to use that portion of said building over which she had exclusive control, so as not to injure plaintiff's business and property located in said storeroom, but wholly disregarding her duties in the premises, the defendant carelessly and negligently permitted a large volume of water to be negligently collected together and accumulated and to overflow from certain water-closets and basins therein located and above said storeroom, and by reason thereof the water came through the ceiling of said storeroom, and together with the plaster thereon fell upon plaintiff's goods, wares and merchandise located in said storeroom and damaged the same, and seventy gallons of whiskey of the value of $140, and 120 gallons of wine of the value of $96 were wholly and totally ruined and destroyed and rendered unfit for any use whatever, and also by reason thereof plaintiff's business was damaged in the sum of $50. Wherefore, plaintiff prays judgment," etc.

The other counts are similar, stating different claims for damages. The answer was a general denial.

Generally speaking, the uncontroverted facts were, that defendant was the owner of a certain building in St. Joseph, Missouri, and that plaintiff at the times men-

tioned in the petition was her tenant and occupied a lower room in which he kept a store. And the evidence tended to show that defendant had control of a part of the floor immediately above that occupied by plaintiff and that there were certain water-closets on this upper floor which from time to time overflowed and that the water ran down upon and damaged plaintiff's goods. Plaintiff testified to the effect that he notified a Mr. Musick, who was defendant's agent in charge of, and who occupied a room in the building, that he was being damaged by reason of the water flowing down onto his goods. He found the cause of the first overflow to be from the water overflowiing the bowls in the water-closets above, allowing it to escape and run down through the floor; that the shut-off from the tank was out of order and that the water was continually running; that there were no safety waste pipe to carry off the surplus water; and that the overflow was stopped by turning off the water. According to plaintff's testimony, Musick, the agent, had some work done by plumbers after the occasion mentioned, but he claims that it was not effective, for on October 21, 1901, the water overflowed in the ladies' closet and ran down and injured his goods. At this time he had a talk with Musick who told him he was willing to fix the closet but there were others he had to consult who would not consent; that he "knew how it ought to be fixed very well and that it ought to be fixed." He further testified that there was another overflow on the first of February which damaged some of his other goods; another on the tenth of February which damaged yet other goods; another on the eleventh of May causing him damage also; and another causing further damage.

All of plaintiff's evidence stood uncontradicted as defendant offered no testimony whatever.

At the close of plaintiff's evidence defendant, through her counsel, made the following announcement: "We desire to file a demurrer to each count in the peti-

tion.'' These demurrers were by the court overruled and as they are not presented in the abstract we can not know specifically what they contained. But if they were what counsel named them they were properly overruled for the one controlling reason, at least, that they should have been filed and acted upon before the case was tried. The petition was sufficient to sustain a judgment.

The defendant asked no instructions. The court gave four on the part of the plaintiff, of which number one is three printed pages in length. There are many criticisms of this instruction upon the part of defendant. With much precision it tells the jury the issue on the five counts of the petition and then directs the jury before they can find for the plaintiff they must first find that the plaintiff was the tenant of the storeroom in question and that defendant was the owner of the same and in control of the floor next above, and that defendant negligently and carelessly permitted water to accumulate and overflow and damage plaintiff's goods.

One of the criticisms of this instruction is that it assumes the facts to be true. We do not think so, and if it did it would not matter as the facts were practically uncontradicted.

But objection is made specifically to that part which refers to the third and fifth counts of the petition. The evidence was that the overflow of water mentioned in said two counts and which damaged plaintiff as therein set out occurred in apartments occupied and under the control of defendant's tenants. The objection is well taken, as it is the law of this State that a landlord is not liable for the negligence of his tenant. Ward v. Fagin, 101 Mo. 669; Gordon v. Peltzer, 56 Mo. App. 599.

All other objections to instructions and admission of evidence are purely technical; and as the finding on three of the counts is for the right party we will not reverse the cause for the grounds stated.

Respondent's motion to dismiss the appeal is not well taken and is overruled.

The cause is reversed and remanded, however, unless plaintiff within fifteen days enters a remittitur for six dollars and thirteen cents ($6.13) on the third and thirteen dollars and eighty-five cents ($13.85) on the fifth count of his petition, on which it will be affirmed. All concur.

## ON REHEARING,

BROADDUS, J.—The appellant calls attention to the following paragraph in the opinion herein, wherein the court misconceived the facts of the record, viz.: "At the close of plaintiff's evidence, defendant, through her counsel, made the following announcement: 'We desire to file a demurrer to each count in the petition.' These demurrers were by the court overruled, and as they are not presented in the abstract we can not know specifically what they contained. But if they were what counsel named them, they were properly overruled for one controlling reason at least, that they should have been filed and acted upon before the case was tried." It seems that the papers were not demurrers to the different counts of the petition, but demurrers to the evidence on the different counts. We confess to having been mistaken in the matter, but we were led to commit the error, because of said misnomer.

It can make no difference, however, in the result, as the opinion finds that all of said counts were sustained by evidence except as to the third and fifth.

The motion is overruled. All concur.