JAMES M. CARPENTER, Appellant, *v.* WILLIAM C. JAMISON, GUARDIAN, ETC., ET AL., Respondents.

### November 19, 1878.

So far as a receipt is a mere acknowledgment of payment, it is not conclusive; but if it is not a mere receipt, but constitutes and imports a contract, it is as any other written agreement, and cannot be contradicted or enlarged by parol testimony.

APPEAL from St. Louis Circuit Court.
*Affirmed.*

W. B. THOMPSON, with HENDERSON & SHIELDS, for appellant: A receipt may be explained by parol evidence. — *Grumley* v. *Webb*, 48 Mo. 372; *Huston* v. *Becknell*, 4 Mo. 39; *Wetherford* v. *Farrar*, 18 Mo. 479; *Gibson* v.

*Hanna*, 12 Mo. 162; *Keen* v. *Vaughan*, 48 Pa. St. 477; *Milliken* v. *Brown*, 1 Rawle, 391. Where a writing expresses only some parts of the agreement, parol evidence is admissible to prove the other parts. — *Commissioners* v. *McCalmont*, 3 Pa. 122; *Sharp* v. *Lipsey*, 2 Bailey, 113. The purpose for which the receipt is given may be shown. — *Bishop* v. *Perkins*, 19 Conn. 300; *Walrath* v. *Norton*, 10 Ill. 437; *Burton* v. *Merrick*, 21 Ark. 357.

GEORGE W. CLINE, for respondent Jamison: No error was committed by the court below in refusing to permit oral testimony to vary or enlarge the scope or objects of the written settlement of Carpenter with the bank. — 1 Greenl. on Ev., sect. 281; *Gooch* v. *Conner*, 8 Mo. 391; *Gregory* v. *Cowgill*, 19 Mo. 416; *Rollins* v. *Claybrook*, 22 Mo. 406; *Cawthorn* v. *Haynes*, 24 Mo. 236; *Bradley* v. *Bradley*, 24 Mo. 315; *Smith* v. *Thomas*, 29 Mo. 310.

D. D. BURNS, for respondent, the National Bank: The paper in this case not being a mere receipt, but being the evidence of a contract, it cannot be varied by parol evidence. — *Rundel* v. *Keeler*, 46 Vt. 158; *Edwards* v. *Smith*, 63 Mo. 119; *Maguire* v. *Stevens*, 42 Mo. 724; *Koehring* v. *Memminghoff*, 61 Mo. 403.

BAKEWELL, J., delivered the opinion of the court.

This action was for damages against defendants for having fraudulently and collusively sold certain lands of plaintiff by foreclosure of a deed of trust which plaintiff claims was paid at the date of the foreclosure. Hall was trustee in the deed of trust, and the Bank of Missouri claimed to be the owner of the note secured by it.

The defendant Hall, by his guardian, Jamison, denied all fraud and collusion, and all knowledge that the note was paid; says that he acted in good faith, and disclaimed all interest in the suit. The defendant the bank denies that plaintiff owned the land, denies that the note was paid before the foreclosure, and denies all fraud and collusion;

and alleges that it succeeded to all the rights and liabilities of the Bank of Missouri. The answer further says that the Bank of Missouri, in 1860, obtained judgment against plaintiff for $3,484, on which execution issued, under which the land in controversy was purchased by the bank. Of the purchase-money a portion went to satisfy the judgment, and the remainder was applied to other judgments against plaintiff. After the purchase of the lands in question, the bank bought the note of Carpenter secured by deed of trust, of which it took an assignment. On January 11, 1866, Carpenter was indebted to the bank $9,000 on account of various notes and drafts on which Carpenter, as a member of the firm of Cuddy, Carpenter & Co., was liable as maker or indorser. This indebtedness was in addition to the judgment of the bank against Carpenter, and to what was due on the note secured by deed of trust. Carpenter then represented to the bank that one of the tracts described in the deed of trust was not acquired by the bank at sheriff's sale; and it was then agreed between the bank and Carpenter that in consideration of a complete title to the lands being made to the bank, and of $3,000 then paid or secured to the bank, Carpenter should be released from all further liability to the bank. To carry out the arrangement, the note secured by deed of trust, which was made to the order of one Brown, and the deed of trust were left with the bank, that it might foreclose, and thus perfect its title. The bank carried out the agreement; delivered Carpenter all other notes on which he was liable to the bank, and proceeded to foreclose and purchase in the property in 1866, under the Brown note and deed of trust. The answer further says that in this matter the bank merely carried out the agreement with Carpenter, who knew of all its proceeding at the time, and assented to the same up to the date of the suit.

The new matter in the answer was denied by the reply. The cause was tried before a jury. At the close of plaintiff's

case, defendants offered an instruction in the nature of a demurrer to the evidence, which was given by the court. Plaintiff then took a nonsuit; and having unsuccessfully moved to set the same aside, he appeals.

We have not the entire testimony in the case before us, as the deposition of Hall is not copied into the bill of exceptions. From what appears, however, it is manifest that plaintiff had no case. He certainly had no case unless the note was paid at the date of the foreclosure.

Plaintiff swears that he had paid over $700 on the note to Brown; part of these payments were made after the note was due. He says he paid the balance due on the note after it had been purchased by the Bank of Missouri; that this payment was made to the bank in 1862, by a general settlement. In evidence of this settlement, plaintiff offered the following receipt: —

" Received, Saint Louis, January 17th, 1866, from James M. Carpenter, eighteen hundred and seventy-six $\frac{29}{100}$ dollars ($1,876.29), and his notes dated January 13th, 1866, payable, one in three months, for six hundred dollars; one in six months, for six hundred dollars; and one in nine months, for six hundred dollars, all indorsed by John R. Lionberger & Co.; which money and notes are received in settlement of all demands which this bank holds against the firm of Cuddy, Carpenter & Co., including indorsements on the paper of Rollin Clark. And the Bank of the State of Missouri agrees to release the judgments which she holds against the said Cuddy, Carpenter & Co., or James M. Carpenter, in Montgomery County, Illinois, and in Saint Louis, Mo., at the expense of said Carpenter, when so required by said Carpenter.  A. S. ROBINSON, *Cashier.*"

Plaintiff then offered to prove that the settlement and payment evidenced by this receipt included the Brown note held by the bank, and under which the foreclosure took place. The court excluded all oral testimony tending to vary

the written settlement or enlarge its scope.    It is insisted by plaintiff that this action of the court was erroneous.

The oral testimony in the case, besides that of plaintiff himself, was that of one Lowry, who was also liable to the bank on the paper of Cuddy, Carpenter & Co.   Lowry testified that he and plaintiff went to the bank and proposed a settlement in January, 1867 ; and that the money for which the receipt was given was paid to settle the indebtedness of the plaintiff and himself on the Cuddy, Carpenter & Co. notes ; he remembered also that the indorsement of plaintiff on a note of Rollin Clark was spoken of as among the debts included.   Lowry paid one-half of the money given to procure the receipt.   He remembered no notes being spoken of in that settlement except the Rollin Clark note and the Cuddy, Carpenter & Co. notes, on which he was jointly liable with Carpenter.   The whole transaction, he says, was embraced in the receipt.

The receipt of the bank to Carpenter seems to have been a memorial of the transaction between themselves and Carpenter, intended to stand as evidence of the intention and act of the parties in case of any future question about it. So far as this transaction between the bank and Carpenter is concerned, it seems to be complete.   There is no ambiguity about it that needs explanation by oral testimony.   It says that the money received from Carpenter was received in settlement of all demands against Cuddy, Carpenter & Co., and that certain judgments are to be released by the bank. It is not a mere acknowledgment of payment ; so far as that, it is merely *primâ facie*, and not conclusive ; but as the evidence of the contract between the parties, it is as any other written agreement, and cannot be contradicted or enlarged by oral testimony.   The paper was not a mere receipt : it constitutes and imports a contract, — and a contract, too, as to something future to be done.

The trial court committed no error in excluding oral tes-

timony offered to contradict the terms of this written memorandum of agreement. We think the instruction given at the close of plaintiff's case was properly granted. The evidence showed that the Brown note was unpaid, about $600 being due upon it at the date of the sale; the trustee could sell under the terms of the deed, and it does not appear that there was any fraud or irregularity about the sale. The release of the judgments named in the receipt could not have the effect of divesting any title which the bank might have already acquired under them, or otherwise. And even had Carpenter, after the release of those judgments, been the owner of the land subject to the deed of trust, and entitled to the proceeds of the sale after satisfying the note and costs, this action was not for the surplus after the sale, but to set the sale aside for fraud.

The judgment of the Circuit Court is affirmed. All the judges concur.