## MARY J. WILSON, Respondent, v. JOSEPH A. DUFFY, Appellant.

### St. Louis Court of Appeals, June 30, 1911.

1. **MONEY HAD AND RECEIVED: Grounds of Obligation: Pleading: Sufficiency of Petition.** A petition which alleges that plaintiff delivered a note and a mortgage securing it to defendant, to sell or collect for the account of plaintiff, and that defendant sold the note and retained the proceeds, and which declares on a promise to pay the proceeds to plaintiff on demand, with interest, proceeds for money had and received to plaintiff's use, and the alleged promise to pay is that which the law implies, under the facts stated.

2. **CONTRACTS: Offer and Acceptance.** A party, by accepting and retaining an instrument signed by another party, consents to the provisions of such instrument.

3. ———: **Contract Construed.** An instrument signed by defendant and accepted and retained by plaintiff, which recites that defendant has received from plaintiff notes and a mortgage securing them, and that it is agreed that defendant shall sell the same and invest the proceeds to the best of his judgment, evidences a contract between the parties to the effect that plaintiff has delivered the notes and mortgage to defendant with authority in defendant to sell the same and invest the proceeds for plaintiff's account, according to defendant's best judgment.

4. ———: **Evidence: Contradicting Written Contract.** Where a written instrument is in part a receipt and in part a contract, the part that is a receipt may be explained or modified by parol, but the part that is contractual may not be contradicted or varied by parol, except for fraud or mistake.

5. ———: **Performance.** Where a contract provides for the investment of the proceeds of the sale of certain securities, according to the obligor's best judgment, the full performance of this undertaking in good faith would acquit him of responsibility for such investment.

6. **MONEY HAD AND RECEIVED: Sufficiency of Evidence: Facts Stated.** In an action for money had and received, evidence *held* sufficient to warrant a finding that defendant, who had received a note and mortgage to sell and invest the proceeds for plaintiff, did not invest the proceeds, but used them in his own business, justifying a recovery for plaintiff.

7. ———: **Instructions: Applicability to Issues.** Where the facts proven would sustain an action for money had and received, an instruction authorizing a recovery on the theory of a special or express promise, concerning which there was no evidence, is erroneous.

8. **INSTRUCTIONS: Not Based on Evidence.** An instruction which permits a recovery on a theory not supported by the evidence is erroneous.

9. **CONTRACTS: Parol Contract: Superseding Written Contract.** A parol agreement embracing the same subject-matter as a written contract, entered into subsequent to the execution of the latter, supersedes the latter and is binding on the parties.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

REVERSED AND REMANDED.

*Frank A. C. MacManus* for appellant.

(1) Where a party sues on a contract, he may recover upon that, or may recover on a *quantum,* etc., in the action when it is fully executed as to a stipulated price, etc.—the converse of this proposition when he sues on a *quantum,* etc., he cannot recover on a specific contract, when the same remains open. Consider the documentary evidence offered on part of plaintiff and "natural justice" does not raise or supply a "promise to pay." Mansur v. Botts, 80 Mo. 654; Reifschneider v. Beck, 148 Mo. App. 735; Cozad v. Elam, 115 Mo. App. 136; Cole v. Armour, 154 Mo. 133. We recognize the common-law rule *indebitatus assumpsit;* but when the contract appears then recovery is limited. Stout v. St. Louis Tribune, 52 Mo. 347; Mansur v. Botts, 80 Mo. 654. (2) Suit cannot be brought upon one cause of action and recovery had upon another. A litigant is not allowed to select upon which installment of a complete contract he may sue on. It is not an allowable right as a primary proposition to make a man a debtor without his consent. Murphy v. Bedford, 18 Mo. App. 279; Clements v. Yeats, 69 Mo. 623.

*Lubke & Lubke* for respondent.

(1) A large part of appellant's criticisms of the actions of the trial court proceeds on the theory that the receipt given by defendant to plaintiff September 11, 1903, for her notes is a contract between the parties. This is an incorrect premise. The receipt was not a contract and was open to explanation by parol. It was only part of the evidence tending to show what the contract between the parties was. Strawn v. Railroad, 120 Mo. App. 135; Wegman v. Rothwell, 121 Mo. App. 413; Weatherford v. Farrar, 18 Mo. 474. (2) There is no variance between the cause of action

pleaded by plaintiff and the evidence offered to prove it. The plaintiff's evidence clearly proves a promise to repay the two thousand dollars realized by defendant from plaintiff's notes. "A promise or contract need not be evidenced by precise words, or any particular formula of expression." Stobie v. Earp, 110 Mo. App. 73.

NORTONI, J.—This is a suit for two thousand dollars and certain installments of interest which it is alleged defendant promised to pay plaintiff. Plaintiff recovered and defendant prosecutes the appeal.

Defendant was in the real estate business in the city of St. Louis during the years 1902 to 1908, inclusive, and it appears that in 1902 he negotiated a loan for plaintiff in the amount of two thousand dollars, that is to say, he loaned two thousand dollars of her money on certain real estate and took a note and deed of trust therefor which he delivered to plaintiff. The note and deed of trust so taken by defendant for plaintiff were of date June 2, 1902 and in the amount of two thousand dollars with interest thereon at six per cent, payable semi-annually. The several interest installments were evidenced by coupons of sixty dollars each, payable on June 2d and December 2d of each year during the term of the loan. According to plaintiff's testimony, she delivered this note and deed of trust to defendant and indorsed her name across the back of the note at his instance, September 11, 1903, for the purpose of enabling him to sell the paper and use the money in his business; while, according to defendant's evidence, plaintiff assigned and delivered the paper to him with instructions to invest it for her according to his "best judgment." The matter ran along for several years and it is conceded defendant paid plaintiff the interest thereon at six per cent, that is to say, in installments of sixty dol-

lars each, June 2d and December 2d of each year until and including June, 1908. In August, 1908, plaintiff demanded payment of both principal and interest of defendant, and he refused to pay the same, asserting that he had invested the money for plaintiff in the stock of the Kinloch Jockey Club, together with about $40,000 of his own means and the whole had been entirely lost through the failure of that organization.

The petition sets up the facts according to plaintiff's theory of the case and avers that plaintiff delivered the note with interest coupons attached and deed of trust securing same to defendant for the purpose of selling or collecting the same "for the account of plaintiff" and that defendant thereafter sold said notes and received therefor the sum of two thousand dollars which he retained, etc. It then declares upon a promise to pay the proceeds to plaintiff on demand together with interest thereon at the rate of six per cent, etc. As we construe the petition, it proceeds for money had and received to the plaintiff's use and the promise to pay mentioned therein is that which the law implies in the circumstances therein detailed. But the case was not tried on this theory, for it appears the court submitted the issue for plaintiff as if there were an express or special promise on the part of defendant to pay plaintiff the two thousand dollars and interest thereon on demand.

There is abundant evidence in the record to sustain the judgment on the theory counted upon in the petition, that is to say, there is ample in the facts and circumstances disclosed tending to prove defendant took the note and deed of trust for the purpose of sale and sold it on plaintiff's account and for her use and retained the money, on which, of course, the law implies a promise to pay. But, as before stated, the case was not tried on this theory, and plaintiff was permitted to contradict a written contract made at the

158 App.—33

time of the transaction by parol evidence. As part of her case, plaintiff introduced in evidence the following writing, executed by defendant and delivered to her on September 11, 1903, simultaneously with her delivery to him of the note and deed of trust:

"St. Louis, Sept. 11th, 1903.

"Received of Mrs. Mary J. Wilson deed of trust made by Mrs. Nettie W. Vermillion and husband and five notes, one principal note for the sum of two thousand ($2000) dollars, and four interest notes, each for the sum of sixty ($60) dollars, and due in 18, 24 and 36 months from date, all of above described notes are dated June 2, 1902, and bear interest from maturity at 8 per cent per annum until paid. It is hereby agreed that I am to sell this paper and invest same to the best of my judgment.

"Jos. A. Duffy."

This paper was treated on the trial as though it was but a mere receipt for the note and deed of trust, and plaintiff gave testimony, over the objection and exception of defendant, to the effect that, at the time she delivered the note and deed of trust to defendant and received the above copied instrument, defendant promised her to sell the note and deed of trust for her account and pay her the money and interest thereon on demand. Plaintiff retained this instrument during all of the years after delivering the note and deed of trust to defendant, and it is to be noted that, besides a receipt, it contains as well a contractual stipulation in the concluding lines thereof. It recites, "It is hereby agreed that I am to sell this paper and invest same to the best of my judgment." It is true this paper was signed only by defendant, but by accepting and retaining it plaintiff, of course, assented to its provisions, and it evinces a contract between the parties to the effect that plaintiff delivered the note and deed of trust to defendant with authority for him to sell it and invest the proceeds for her account to the best of

his judgment which he agreed to do. Though a mere receipt is not conclusive between the parties and may be explained or modified by parol, such is not true with respect to valid contractual provisions contained in the same writing, supported by a sufficient consideration. Where the writing reveals a contract as well as a receipt, so much of it as is contractual may not be contradicted or varied by parol, except for fraud or mistake, of which there is no suggestion here. [See Hahs v. Cape Girardeau, etc., R. Co., 147 Mo. App. 262, 126 S. W. 524.]

It is defendant's theory of the transaction, and his evidence goes to the effect, that he received the note and deed of trust to sell and invest the proceeds thereof for plaintiff according to his best judgment; that, in accordance with this agreement, he sold the securities and invested the two thousand dollars realized thereon in stock of the Kinloch Jockey Club, which owned a race track in the vicinity of St. Louis at the time. It seems this club had been organized but recently before and defendant considered its stock a good investment, for he says he invested $40,000 of his own means therein. According to defendant, the entire investment—that for plaintiff as well as his own—was entirely lost because of the failure of the jockey club thereafter. Defendant therefore insists that he should not be held to respond to plaintiff in this action, for it is urged the evidence is conclusive that he invested her money according to his best judgment and was not responsible for its loss. In this connection, it is argued the court should have directed a verdict for defendant, as the writing of date September 11, 1903, introduced by plaintiff revealed the true contract between the parties, and there is naught in the case suggesting liability on his part, save the incompetent parol testimony by plaintiff in contradiction of the terms of the writing. But we do not accede to that view of the proof. It is true enough that so

much of plaintiff's evidence as tended to prove a parol agreement made prior to the writing and contemporaneously therewith on September 11, 1903, whereby it is said defendant promised to pay plaintiff the two thousand dollars, together with six per cent interest thereon at any time on demand after he received it was incompetent as tending to contradict or vary the terms of the writing, and should have been excluded. But though such be true, other facts and circumstances, entirely competent and sufficient to constitute substantial evidence, tend to prove the averment of the petition as for money had and received, so as to raise the promise implied by law. For the purpose of the case, it may be conceded that the paper writing of date September 11, 1903 contains, besides a receipt, a contract as well which imposed the duty upon defendant to invest the returns of the sale of the note and security for plaintiff's benefit according to defendant's "best judgment," and no doubt a full performance of this undertaking in good faith would acquit him of further responsibility therefor. But after conceding so much, the proof is by no means conclusive that such investment was made. Indeed, the entire evidence suggests the contrary instead and no one can doubt that, if defendant received the two thousand dollars on sale of plaintiff's securities and omitted to invest it for several years in accordance with the contract, the law will imply a promise against him to repay her as for money had and received to her use. Defendant says he invested the two thousand dollars according to his best judgment in stock of the Kinloch Jockey Club for plaintiff, but he admits that he took no shares of stock whatever in her name and says he had the shares issued in his own name for the reason she did not want it known she was a stockholder in that organization. But this is not all. Defendant concedes that the Kinloch Jockey Club never paid any dividends whatever and concedes, too, that

he paid plaintiff sixty dollars in June and December of each year during all of the years, as though he were using her money for his own purpose until and including June, 1908. Furthermore, plaintiff testified she was in no manner interested at any time in the Kinloch Jockey Club and that defendant never intimated that he had invested her money therein to her use and that the interest payments made by defendant to her were not paid as increment from any investment he had made for her but instead were made by him for the use of her money which he retained. All of this constitutes substantial evidence tending to prove that, notwithstanding the contract to invest the money for plaintiff's use according to defendant's best judgment, no such investment was made and that defendant retained and used the money for his own benefit. It suggests, too, that, if he invested it in the Kinloch Jockey Club, he so invested it on his own account and not for plaintiff's benefit, as no stock certificate or other indicia of ownership therein were either in her name or in her possession. As before stated, the case abounds with facts and circumstances tending to support a recovery for money had and received, but the issue was not submitted to the jury on that theory.

Besides the error in permitting plaintiff to give testimony of a parol agreement that defendant would use the money and repay plaintiff with interest on demand, made contemporaneously with the writing, the court erred, too, in submitting to the jury a special promise to pay, as the only evidence touching such a promise was that of plaintiff, which pertained to the promise she said was made contemporaneously with the writing. The instruction given by the court for plaintiff is as follows:

"The court instructs the jury that if from the evidence the jury believe that the plaintiff, Mary J. Wilson, on or about the 11th day of September, 1903, delivered to the defendant, Joseph A. Duffy, notes

made by Nettie W. Vermillion for the sum of two thousand ($2000) dollars, secured by deed of trust, and that the defendant received the same for the purpose of collecting the same for plaintiff or selling the same for plaintiff; and that defendant either sold or collected said notes and received therefor the sum of two thousand ($2000) dollars and promised to pay the same to plaintiff on demand and to pay plaintiff interest on the same each six (6) months beginning with the 2d day of December, 1903, at the rate of six per cent per annum and on demand to repay said sum of two thousand ($2000) dollars; and that, thereafter defendant on the demand of plaintiff thereafter refused to pay said sum of two thousand ($2000) dollars to the plaintiff; then the jury will find for the plaintiff in the sum of two thousand ($2000) dollars with interest thereon at the rate of six per cent per annum from the 2d day of June, 1908.''

Instead of submitting to the jury the facts relevant to the question of money had and received for plaintiff's use and directing as to when the law would imply a promise to pay thereon, the court, by this instruction, submitted the matter as though there was a special or express promise, and this was error. It should be said, too, of this instruction that there is no proof whatever in the case, either competent or incompetent, tending to support the theory that defendant made a special promise to pay plaintiff after he had sold the note and received the money therefor, and this instruction submitted the matter on that hypothesis. The only evidence of a special or express promise was that of plaintiff as to the conversation with defendant, had on September 11, 1903, at the same time the writing was made. Of course, if the proof revealed that, after selling plaintiff's note and mortgage, defendant then promised to pay the same to plaintiff on demand and to pay plaintiff interest every six months beginning with the second day of Decem-

ber, 1903, as this instruction recites, the instruction would be proper enough, for such would reveal a parol promise which superseded the writing and subsequent thereto. As no such proof is to be found in the record, the court erred in submitting the matter of a special promise to pay the two thousand dollars and interest after defendant had sold the securities and received the money thereon.

For the reasons above stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.