MADISON VANDEVERE, Respondent, v. KANSAS CITY, Appellant, and LLOYD MEDES, JAMES E. TAYLOR and EDWARD WINN, and TAYLOR & WINN CONSTRUCTION COMPANY, Respondents.

### Kansas City Court of Appeals, February 15, 1915.

1. **NEGLIGENCE: Damages: Loss of Services: Municipal Corporations.** Plaintiff sued the city and three other defendants for loss of services of his wife caused by an injury to her brought about by the blowing down of a billboard negligently maintained on the sidewalk. All parties were duly served with process. Thereafter the plaintiff dismissed as to the erector of the billboard. The city filed a motion to set aside the order of dismissal and also a motion to make the erector a party under Sec. 9801, R. S. Mo. 1909. Plaintiff then filed an amended petition making the erector and another company parties defendant. Summons was issued and served upon the new defendant but not upon the erector of the billboard. Thereafter the city went to trial without objection. *Held*, that the right to have the erector made a party defendant was waived.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*A. F. Evans* and *A. F. Smith* for appellants.

(1)    By dismissing this action as to the defendant Majestic Theatre Company, for whose alleged negligence the plaintiff is seeking to hold the city responsible, the plaintiff forfeited his right to further prosecute this suit against Kansas City, and the court properly directed a verdict for the city. Schweickhardt v.

St. Louis, 2 Mo. App. 571; Wiggins v. St. Louis, 135 Mo. 558; Kilroy v. St. Louis, 242 Mo. 79; Funk v. Kansas City, recently decided by this court. (2) There is no evidence in this case that Walnut street at the place where the accident happened was a public street of Kansas City, and the court properly directed a verdict for the city. Vonkey v. St. Louis, 219 Mo. 37; Woodson v. Metropolitan Street Ry. Co., 224 Mo. 685. (3) There is no competent evidence in this case that the billboard in ·question fell by reason of any negligence in its manner of erection or maintenance, or that the city had any knowledge or notice that it was insecurely ·erected or maintained. The court therefore properly directed a verdict for the city. City of Corbin v. Benton, 15 Ky. 483, 152 S. W. 241; Franke v. St. Louis, 110 Mo. 516, 524, 526.

*Cook & Gossett* and *R. J. Sloan* for respondent.

(1) Defendant Kansas City is not entitled on this appeal to complain of the action of the lower court in refusing to stay the proceedings because of the dismissal as to Majestic Theater Company for the reason that Kansas City saved no exceptions to the overruling of that motion and there is no bill of exceptions relating to the same. Mancuso v. City, 74 Mo. App. 138. (2) The court will take judicial notice that Walnut street between Eleventh and Twelfth streets was and is historically a public street of Kansas City. This is not like the case of comparatively new streets. State v. Ruth, 14 Mo. App. 226; State v. Fitzpatrick, 16 Mo. App. 282; Stealey v. Kansas City, 179 Mo. 400, 407. (3) The court in its discretion would have been justified in setting aside the nonsuit on the sole ground, if nothing else existed, to enable plaintiff's counsel to prove on new trial that Walnut was a public street in view of this assumption of all the counsel in the case. Woodson v. Met. St. Ry. Co., 224 Mo. 685. (4) There is ample evidence in the record, as mere inspection of

it will disclose, tending to show and from which a jury might find, that the bill board, the fall of which injured the plaintiff's wife, was negligently insecure and that the city had ample time and should have known of it, not merely by reason of lapse of time, but also because one of its building inspectors actually saw it several times before it fell. Shippey v. Kansas City, 254 Mo. 1; Benton v. St. Louis, 248 Mo. 98. (5) The billboard itself was unlawfully set up in the street. While a fence barrier may be a proper provision to keep pedestrians away from the front of a building in course of construction, a mere reading of the testimony and observation of the photograph describing and depicting this contrivance shows it to have been a dangerous and improper thing to set up in a public thoroughfare. State ex rel. v. St. Louis, 161 Mo. 383; Schopp v. St. Louis, 117 Mo. 136-7.

TRIMBLE, J.—Respondent brought this action for loss of the services of his wife and for expense of medical attention to her, alleged to have been caused and rendered necessary by the negligence of all the defendants.

The wife was struck and injured by a billboard which a gust of wind blew down upon her as she was walking along the sidewalk on the west side of Walnut street between Eleventh and Twelfth, in front of the property known as 1122 Walnut street in Kansas City, Missouri.

The original petition was against the following named defendants, Kansas City, Lloyd Medes, as owner of the building being erected at the place where the billboard fell, Taylor & Winn, copartners, said to be the contractors erecting the building, and Majestic Theater Company, a corporation, the erector of the billboard. Summons was issued and service seems to have been obtained on all defendants. Thereafter, plaintiff dismissed as to the Majestic Theater Com-

pany. Whereupon the defendant Kansas City filed a motion to set aside the order of dismissal and also filed a motion to require the Majestic Theater Company to be again made a party defendant. If any action was taken on the motion to set aside the order of dismissal, the record does not show it. The motion to require the Majestic Theater Company to be again made a party defendant seems to have been sustained. Thereupon, plaintiff, apparently in obedience to that order, filed an amended petition in which all the defendants in the original petition were made parties, including the Majestic Theater Company, and the Taylor-Winn Construction Company a corporation was added. Summons seems to have been issued on this amended petition for the Majestic Theater Company but the record proper recites that the sheriff was unable to obtain service on that defendant.

Thereafter, the defendant Kansas City filed answer charging plaintiff with contributory negligence and setting up that the billboard was blown down by a violent storm and was an act of God. Presumably the other defendants, except Majestic Theater Company, filed answer. At any rate the cause went to trial with all the defendants appearing and being represented, except the Theater Company.

At the close of the evidence the court sustained separate demurrers offered by each appearing defendant and was about to instruct the jury to find for them, when plaintiff took an involuntary nonsuit with leave to move to set the same aside. This motion was afterwards filed and sustained. Whereupon the defendant Kansas City appealed.

The negligence charged against the defendants was in maintaining the billboard, and in permitting it to be maintained, along and on the inside or west portion of the sidewalk near the property line in an insecure and unsafe condition by reason of which it fell on plaintiff's wife and injured her.

The appellant claims that the Majestic Theater Company, the constructor of the billboard in question and for whose business it was maintained, is primarily liable for the injury, and the city is entitled to have that company made a party defendant and continued in the case as such under the provisions of section 9801, Revised Statutes 1909; and that this section makes the dismissal of the case by plaintiff as to that defendant work a forfeiture of plaintiff's right to proceed against the city. This is on the theory that since no service can now be had on the Majestic Theater Company, plaintiff, by dismissing the case as to it in the original petition, has allowed it to escape so that no recourse can be had by the city on it. It might be observed here that there is no evidence in the record showing that service can never be obtained on the Theater Company; all that is shown is that up to a certain date the sheriff "has been unable" to get service thereon.

But, aside from this, appellant went to trial without objecting to the escape of the Theater Company or to the fact that no service had been obtained upon it after it had been again made a party defendant. And, in so doing, appellant waived the right to have the Theater Company a codefendant with it in accordance with the provisions of section 9801. [Mancuso v. Kansas City, 74 Mo. App. 138, l. c. 149.] It is claimed that there was a motion to stay proceedings filed by the city which the court overruled, but there is no such motion appearing in the bill of exceptions nor any exception to the action of the court thereon.

If it be said that the motion to require the Theater Company to be again made a party defendant was a presentation of the city's right under section 9801, certainly the sustaining of that motion and the filing of an amended petition by plaintiff making the Theater Company and the Construction Company parties did not prevent the city from thereafter waiving its right

to have the Theater Company made a codefendant and retained in the case. When the amended petition was filed, the case stood on it and there was no dismissal of the amended petition as to the Theater Company. There was no service on it, but, instead of that being a ground for final judgment in favor of the city, the court could set aside the nonsuit in order that service might be had on the Theater Company or for the disposition of the motion to set aside the former dismissal as to it. Appellant went to trial under these conditions without protest or objection and it cannot now object to the court setting aside the nonsuit in order to give an opportunity for such procedure to be taken as will enable a proper final judgment to be rendered.

It is urged that there is no proof that Walnut street is a public street of Kansas City. But the case was tried by both sides as if there were no dispute over that issue. The evidence was positive that the injury occurred in Kansas City on Walnut street between Eleventh and Twelfth streets. The photograph in evidence showed a well used, prominent street, and all parties referred to the place where plaintiff was hurt as a street. Both sides assumed the street to be a public street under the control of the city. [Woodson v. Metropolitan St. Ry. Co., 224 Mo. 685.]

It is also said there is no evidence of any negligence on the part of the city. We think there is sufficient to justify the submission of the case to a jury. The billboard was ten feet high and twelve feet long. It was set up in the street or sidewalk and it and the fence against which it stood was used as a barrier to keep pedestrians away from the front of a building in course of construction. It was merely "tacked" to the fence or building by a small strip, which was entirely too small for such a heavy object of such wide area exposed to the force of the wind. The gust that blew it down was nothing out of the ordinary. The

city inspector saw the billboard several times and under such circumstances as that its insecure fastening could have been observed.

It was a dangerous "dead fall" *in the street*, liable to be sprung at any moment on the unsuspecting traveler.

The judgment setting aside the nonsuit is affirmed. All concur.